# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-22225-KMM

ORGANIZACION MISS AMERICA
LATINA, INC.,

        Plaintiff,

v.

JUAN ARTURO RAMIREZ URQUIDI and
TEXAS PAGEANT PRODUCTIONS, LLC,

        Defendants.                    /

## RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants, Juan Arturo Ramirez Urquidi and Texas Pageant Productions, LLC, by and through the undersigned counsel, hereby file their response in opposition to the [Supplemental] Motion for Attorneys' Fees and Costs [61] filed by Plaintiff, Organizacion Miss America Latina, Inc. ("**OMAL**") on May 30, 2017. In support, Defendants state as follows:

1.    This Court has been divested of jurisdiction to entertain a *supplemental* motion for attorneys' fees. This is because Defendants' appeal of the initial attorney fee award divested this Court of jurisdiction to consider a supplemental motion which involves common issues to those presently on appeal. See *Tiara Condo. Assoc. v. Marsh & McLennan Cos.*, No. 08-80254-Civ, 2010 U.S. Dist. LEXIS 137174, at *7-8 (S.D. Fla. Dec. 1, 2010)(further noting that "in the interest of judicial economy, it would be prudent for this Court to address Defendant's supplemental fee request and any appellate fee request simultaneously, once the appellate issues are resolved"). Defendants' appeal not only involves common issues to the present motion, but the initial fee award is before the Eleventh Circuit and, if Defendants prevail, the entire award will be set aside. The supplemental

1

motion for attorneys' fees is therefore not a collateral matter that this Court may rule upon without disturbing the jurisdiction of the appellate court. The jurisdictional limitation is further supported by the fact that the initial award of attorneys' fees was contained within the Final Judgment [24], not by separate order, and it is this Court's refusal to set aside that final judgment which is the subject of the appeal.

2.  OMAL's fee request is excessive, contains duplicative time entries, and is vague. OMAL bears the burden to establish the reasonableness of its fee request and it has failed to do so.

    A. On July 20, 2016, Bradley filed a declaration stating that his firm's rates were $400/hour for his services and $175/hour for Ms. Lubczanska's. See Dkt. No. 22-2 ¶¶9-10. Beginning on August 4, 2016, only days later, Bradley represents that his fees were $425/hour and Ms. Lubcanska's increased over 42% to $250/hour. See Dkt. No. 61-2.

    B. A substantial amount of the fees are duplicative and involve communications by and between Mr. Bradley and his paralegal. While some intra-office communication is reasonable, Defendants object to item numbers 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 29, 30, 35, 36, 38, 40, 43, 48, 50, 51, 52, 55, 56, 59, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 78, 81, 82, 83, 84, 85, 86, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 113, 114, and 139. These constitute excessive office communications and internal conferences.

    C. The time entries are vague in that they are grouped together and lumped into various, general tasks. This becomes problematic in that administrative items,

2

such as calendaring dates and scheduling, are commingled with legitimate legal work performed. Defendants object on these ground to items 2, 3, 5, 6, 7, 9, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 43, 46, 49, 50, 51, 52, 56, 59, 60, 61, 64, 65, 68, 69, 70, 71, 73, 75, 77, 86, 91, 92, 94, 96, 97, 98, 99, 100, 101, 109, 110, 111, 113, 114, 116, 117, 118, 119, 120, 126, 127, 130, 131, 132, 134, 136, 137, and 139.

3. The statements lack reliability. For example, items 106, 107, 109, 110, 111, 115, 116, 118, 120, 123, and 126 contain items which do not even appear to relate to the present litigation. Dkt. No. 61-2.

Respectfully submitted this 24th day of July, 2017.

/s/ Michael Stegawski
Michael Stegawski, Esq.
Florida Bar No. 51589

Convergent Litigation Associates
1111 Brickell Avenue, Suite 1100
Miami, FL 33131
Tel: (800) 750-9861 x101
Fax: (800) 531-3243
Email: michael@cla-law.com

*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-22225-KMM

ORGANIZACION MISS AMERICA
LATINA, INC.,

       Plaintiff,

v.

JUAN ARTURO RAMIREZ URQUIDI and
TEXAS PAGEANT PRODUCTIONS, LLC,

       Defendants.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2017, I electronically filed the within and foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                /s/ Michael Stegawski
                                                Michael Stegawski, Esq.

**SERVICE LIST**
*Organizacion Miss America Latina, Inc. v. Juan Arturo Ramirez Urquidi and Texas Pageant Productions, LLC*
Case No. 1:16-cv-22225-KMM
United States District Court, Southern District of Florida

| | |
|---|---|
| Bradley Legal Group, P.A.<br>John Francis Bradley<br>15 Northeast 13 Avenue<br>Fort Lauderdale, FL 33301<br>Tel: (954) 523-6160<br>Fax: (954) 523-6190<br>jb@bradlegal.com<br><br>*Attorney for Plaintiff* | Convergent Litigation Associates<br>Michael Stegawski<br>1111 Brickell Avenue, Suite 1100<br>Miami, FL 33131<br>Tel: (800) 750-9861 x101<br>Fax: (800) 531-3243<br>michael@cla-law.com<br><br>*Attorney for Defendants* |