UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

              v.

STEPHEN B. PENCE,

                    Defendant.
-------------------------------------------------------- X

No. 15 CV 07077 (GBD) (GWG)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AUTHORIZATION FOR SUBSTITUTE SERVICE OF PROCESS FOR A *SUBPOENA AD TESTIFICANDUM*

CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, NY 10005
Tel.:   (212) 732-3200
Fax:   (212) 732-3232
Lewis@clm.com
White@clm.com

*Attorneys for Defendant,*
  *Stephen B. Pence*

*Of Counsel:*

Alan S. Lewis
Madelyn K. White

Defendant Stephen B. Pence submits this memorandum of law in support of his motion for an Order authorizing substitute service of process for a *subpoena ad testificandum* on Michael A. Stegawski, Esq., a proposed deponent. Counsel for Plaintiffs Securities and Exchange Commission, while reserving the right to challenge certain factual and procedural representations set forth herein, joins Mr. Pence's request that the Court enter the Order requested by Mr. Pence.

### STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

In 2009, a company wholly owned by Mr. Pence, PSQ, LLC ("PSQ"), acquired the majority of the shares of General Employment Enterprises, Inc. ("GEE"). The SEC has sued Mr. Pence alleging, *inter alia*, that he made materially misleading statements regarding the sources of the funds that PSQ used to purchase shares in GEE. During the negotiations to purchase GEE, and immediately thereafter, PSQ was represented by the Law Office of Gregory Bartko, LLC. During the relevant time period, Mr. Stegawski, a lawyer, was associated with the Law Office of Gregory Bartko, LLC and assisted in the representation of PSQ regarding its purchase of GEE.

Approximately one month ago, counsel for Mr. Pence established contact with Mr. Stegawski via email and telephone. Mr. Stegawski is an attorney registered with the Florida Bar (No. 51589) and is listed as a professional associated with the firm Convergent Capital Group. Based upon this information, we discovered an email address, michael@cla-law.com, and telephone number belonging to Mr. Stegawski. Counsel for Mr. Pence subsequently corresponded with Mr. Stegawski by email and then reached him by calling the number listed on his firm's website. However, as of July 7,

1

2017, Mr. Stegawski stopped responding to counsel for Mr. Pence's emails and phone calls.

Since July 14, 2017, the SEC made numerous attempts to personally serve Mr. Stegawski with a subpoena *ad testificandum*, requiring him to appear for deposition on August 21, 2017. Copies of the Notice of Deposition and Amended Notice of Deposition attaching copies of the subpoenas are attached as Exhibits A and B to the Declaration of Alan S. Lewis dated Aug. 11, 2017 ("Lewis Decl."). A process server went to an address associated with Mr. Stegawski's employer in Miami, FL on five different occasions. *See* Ex. C to Lewis Decl. On four of these occasions, the receptionist spoke with someone at Convergent named "Maria" who stated that Mr. Stegawski was "unavailable" and refused to provide additional information. The SEC also made two attempts to serve Mr. Stegawski at an address in Fort Lauderdale, FL where he was believed to reside but was informed that he no longer resided there, despite the fact that his name still appeared on the intercom. The SEC attempted to serve Mr. Stegawski at a second address in Fort Lauderdale, FL, but was informed that although mail addressed to Mr. Stegawski was delivered to that address, he was unknown there. In addition to attempting to serve Mr. Stegawski in Florida, the SEC also attempted to serve him in Atlanta, GA. A process server went to an address associated with Convergent Capital in Atlanta on four occasions. On each occasion, the process server was informed that Mr. Stegawski was not in the office, and on the fourth attempt, was informed that the location was a "virtual office" and Mr. Stegawski could be seen by appointment only. A process server also went to a second address in Atlanta which was believed to be associated with Mr.

2

Stegawski on two occasions and was informed that Mr. Stegawski did not reside at that address.

Due to the SEC's inability to personally serve Mr. Stegawski or locate his residential address and the fact that Mr. Stegawski had ceased responding to all communications from counsel to Mr. Pence, Mr. Pence filed a letter requesting that the Court authorize substitute service of process for Mr. Stegawski on July 27, 2017.  In response to that letter, the Court held a telephone conference with the parties and Mr. Stegawski on August 8, 2017.  During the telephone conference, the Court asked Mr. Stegawski whether he would consent to substitute service.  Mr. Stegawski refused to consent to substitute service, and the Court granted Mr. Pence leave to file this motion.

## ARGUMENT

Federal Rule of Civil Procedure 45 "does not explicitly demand personal service of a subpoena, but instead requires only that a copy be 'deliver[ed]' to the person whose attendance or production of documents is sought.  Such language 'neither requires in-hand service nor prohibits alternative means of service.'" *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (quoting *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)).  Substitute service can be proper so long as it "comports with due process" and is "reasonably calculated under the circumstances to provide [the deponent] with both notice and an opportunity to present objections." *Id.* (citing *SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987)).

The SEC has made fourteen attempts to serve Mr. Stegawski in person, but has been unsuccessful.  Based on that fact, Mr. Stegawski's cessation of all communication

3

with counsel for Mr. Pence and comments made by Mr. Stegawski during the August 8 telephone conference with the Court where he refused to accept substitute service, it appears that Mr. Stegawski is attempting to evade service. "The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service." *Cordius Trust*, 2000 WL 10268, at *2. Accordingly, substitute service is appropriate.

Substitute service is permitted where the means of service reasonably ensures actual receipt by the witness. *See, e.g., Tube City IMS, LLC v. Anza Capital Partners, LLC*, 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014); *Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, 2008 WL 3833238, at *2-3 (S.D.N.Y. Aug. 15, 2008). As suggested by these authorities, alternative means of service satisfies the "delivery" requirement of Rule 45. *Cordius Trust*, 2000 WL 10268, at *2.

Courts have approved substitute service of subpoenas by certified mail. *See Tube City IMS, LLC*, 2014 WL 6361746, at *3 (granting motion to serve witness by attaching a copy of the subpoena to the witness' door, mailing a copy to the witness' residence by certified mail, and mailing and emailing a copy to the witness' lawyer in a different matter); *Cordius Trust*, 2000 WL 10268, at *2 (granting motion to serve *subpoena duces tecum* by certified mail); *Securities and Exchange Comm. v. Rex Venture Group*, 2013 WL 1278088 (M.D. Fla. Mar. 28, 2013) (holding that subpoena was properly served by certified mail and federal express where non-party had received it, thus effectuating purpose of service of putting witness on notice); *Dhanapeetam v. Rao*, 2016 WL 1637559 (E.D. Mich. Apr. 26, 2016) (finding subpoena properly served on former

4

defendant where it was served by certified mail to same address where plaintiff had successfully served complaint after unsuccessful efforts to personally serve complaint). Here, Mr. Pence proposes to combine service of the subpoena by certified mail with service by email. These methods are reasonably likely to ensure that Mr. Stegawski receive the subpoena.

Mr. Stegawski is an attorney and on July 24, 2017 filed a document in the United States District Court, Southern District of Florida which provided the following contact information:

> Convergent Litigation Associates
> Michael Stegawski
> 1111 Brickell Avenue, Suite 1100
> Miami, FL 33131
> Tel.:   (800) 750-9861 x101
> Fax:   (800) 531-3243
> michael@cla-law.com

*See* Ex. D to Lewis Decl. Mr. Stegawski has corresponded with counsel for Mr. Pence from that same email address. Additionally, Mr. Stegawski received a copy of the Court's order scheduling the August 8, 2017 telephone conference which was emailed and mailed to him. Finally, Mr. Stegawski has stated that he is aware of the instant litigation, has been following the docket, and is aware that the parties intend to depose him. Accordingly, substitute service by email and certified mail is reasonably likely to ensure that Mr. Stegawski receives the subpoena.

## CONCLUSION

For the reasons set forth above, Mr. Pence respectfully submits that the Court should issue an Order authorizing substitute service of process for a *subpoena ad*

5

*testificandum* on Michael Stegawski, Esq. by (i) serving a copy of the subpoena at the following email address: michael@cla-law.com; and (ii) sending, via certified mail, the original subpoena to the following address: 1111 Brickell Avenue, Suite 1100, Miami, FL 33131.

Dated: New York, New York
August 11, 2017

CARTER LEDYARD & MILBURN LLP

By: ___/s/ Alan S. Lewis___
Alan S. Lewis
Madelyn K. White
Two Wall Street
New York, NY 10005
Tel.: (212) 732-3200
Fax: (212) 732-3232
Lewis@clm.com
White@clm.com

*Attorneys for Defendant,*
*Stephen B. Pence*