UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION, :

                Plaintiff,     :     15 Civ. 7077 (GBD) (GWG)

   -v.-     :     OPINION AND ORDER

STEPHEN B. PENCE,     :

                Defendant.     :

---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The Securities and Exchange Commission ("SEC") has sued Stephen B. Pence for alleged securities laws violations arising from his activities in 2009 and 2010 in connection with two entities: PSQ, LLC ("PSQ") and General Employment Enterprises, Inc. ("GEE"). See Complaint, filed Sept. 9, 2015 (Docket # 1) ("Compl."), ¶¶ 1-9. Pence now moves this Court for an Order authorizing substituted service of a subpoena ad testificandum on Michael A. Stegawski, Esq., a nonparty witness.[1] The SEC has joined in Pence's request for substituted service. See Def. Mem. at 1. For the reasons set forth below, this motion is granted.

I. BACKGROUND

In its complaint, the SEC asserts that PSQ was nominally owned in its entirety by Pence and that in 2009 it acquired a controlling interest in GEE. Compl. ¶¶ 2, 27. The SEC alleges, inter alia, that Pence misrepresented to GEE's shareholders the source of PSQ's funding for this

---

[1] See Notice of Motion for Authorization for Substitute Service of Process for a Subpoena Ad Testificandum, filed Aug. 11, 2017 (Docket # 61); Declaration of Alan S. Lewis in Support of Motion for Authorization for Substitute Service of Process for a Subpoena Ad Testificandum, filed Aug. 11, 2017 (Docket # 62) ("Lewis Decl."); Memorandum of Law in Support of Defendant's Motion for Authorization for Substitute Service of Process for a Subpoena Ad Testificandum, filed Aug. 11, 2017 (Docket # 63) ("Def. Mem.").

acquisition. Compl. ¶ 32. Stegawski was a lawyer who represented PSQ. See Def. Mem. at 1. On July 13, 2017, the SEC issued a subpoena for the deposition of Stegawski to take place on August 21, 2017. See Amended Notice of Deposition (annexed as Ex. B to Lewis Decl.).

Some time in early July, Pence's counsel contacted Stegawski by email at michael@cla-law.com, and also reached him by telephone at (800) 750-9861 x l01. See Def. Mem. at 1; Letter from Alan S. Lewis to the Court, filed July 27, 2017 (Docket # 51) ("Lewis Letter"), at 1. Stegawski was registered with the Florida Bar and listed as a professional associate on the website of "Convergent Capital Group" at the time of contact. See Def. Mem. at 1; Lewis Letter at 1. Pence's counsel discovered that email address and phone number through that website and Stegawski's Florida Bar registration. See id. The same email address and phone number were also contained in a court filing that Stegawski signed in an unrelated case filed in the Southern District of Florida. See Stegawski's Response in Opposition to Motion for Attorneys' Fees and Costs, Organizacion Miss America Latina, Inc. v. Urquidi, No. 16 Civ. 22225 (S.D. Fla. July 24, 2017) (annexed as Ex. D to Lewis Decl.) ("Stegawksi Mem."), at *3, 5.[2] However, Stegawski stopped responding to counsel's phone calls and emails as of July 7, 2017. See Def. Mem. at 1-2.

The SEC subsequently made 14 unsuccessful attempts to personally serve Stegawski with a subpoena ad testificandum at five different locations. See Proofs of Service (annexed as Ex. C to Lewis Decl.) ("Proofs of Service"), at *2-5. Their efforts are described below.

Between July 14, 2017, and July 21, 2017, the SEC unsuccessfully made five attempts to serve Stegawski at 1111 Brickell Avenue, Suite 1100, in Miami, Florida. See Proofs of Service

---

[2] "*__" refers to pagination supplied by the ECF system.

at *2. Stegawski is also registered with the Georgia Bar, and this address was listed in his Georgia Bar registration.[3] The address was also listed in his filing in the Southern District of Florida. See Stegawski Mem. at *3, 5. On four of these occasions, a person named "Maria" stated that Stegawski was unavailable, but provided no additional information. See Proofs of Service at *2. The process server noted that this location was a "virtual office/executive suite," but the receptionist stated that someone from the office was usually present at the office. See Proofs of Service at *2.

On July 19, 2017, and July 20, 2017, a process server made two unsuccessful attempts to personally serve Stegawski at 5325 Mount Vernon Parkway NW, a residential address in Atlanta, Georgia. See Proofs of Service at *4. This address was "believed to be associated with Mr. Stegawski." Def. Mem. at 2-3. On the first attempt, a male occupant stated that Stegawski did not reside there, but refused to give his own name. See Proofs of Service at *4. On the second attempt, no one answered the door after the process server knocked, despite the presence of cars in the driveway. See id.

Between July 19, 2017, and July 24, 2017, a process server also attempted to personally serve Stegawski four times at an office located at 3525 Piedmont Road 7 Piedmont Center, Suite

---

[3] See Member Directory: Mr. Michael Andrew Stegawski, State Bar of Georgia, https://www.gabar.org/MemberSearchDetail.cfm?ID=MzEwMTA4. We note that Stegawski's Florida Bar registration identifies "111 Brickell Avenue Suite 1100," instead of "1111 Brickell Avenue Suite 1100," as the address of "Convergent Advisory Services, P.A" and states that Stegawski is its "Managing Partner." See Member Profile: Michael Andrew Stegawski, The Florida Bar, https://www.floridabar.org/mybarprofile/51589 (last visited Sept. 21, 2017). However, given the other sources listing his address as 1111 Brickell Avenue Suite 1100, and the fact that a process server was informed that Stegawski was "unavailable" when service was attempted at 1111 Brickell Avenue Suite 1100, see Proofs of Service at *2, we are satisfied that "111 Brickell Avenue" is a typographical error and the intended address is "1111 Brickell Avenue."

300, in Atlanta, Georgia.  See Proofs of Service at *4.  This address was associated with Stegawski's firm, Convergent Capital.  See Def. Mem. at 2.  On each occasion, a receptionist told the process server that Stegawski was not in the office that day.  See Proofs of Service at *4.  On the final attempt, the receptionist said that the location was a "virtual office" and that Stegawski could be seen by appointment only.  See id.

On July 21, 2017, a process server made two attempts to serve Stegawski at 1033 NE 17th Way Unit 401, a residential address in Fort Lauderdale, Florida.  See Proofs of Service at *3.  The intercom at that location indicated that the code for "M. Stegawski" was "433."  See id.  However, the property manager for that location stated that the resident for that address was not Stegawski, and that Stegawski likely moved out at least two years before the manager took over.  See id.  The process server also spoke with the person occupying Stegawski's former unit, who said that he occasionally received mail for Stegawski but had never met Stegawski.  See id.

Finally, on July 28, 2017, a process server also attempted to serve Stegawski at an office address in Fort Lauderdale, Florida, at 5200 33rd Blvd, Suite 207.  See Proofs of Service at *5.  At that address, the process server encountered someone by the name of Stella Rojas, who informed the process server that her company, Operations for ITL USA, Inc., had occupied that address for five or six years.  See id.  Rojas informed the process server that her company occasionally received mail for Stegawski, but denied knowing Stegawski.  See id.

On July 27, 2017, counsel for Pence wrote the Court seeking an order permitting substituted service on Stegawski.  See Lewis Letter.  That same week, the Court's law clerk emailed and telephoned Stegawski at the same email address and telephone number that was used by Pence's counsel.  See Order, filed July 31, 2017 (Docket # 53), at 1; Lewis Letter.  The law clerk's messages to Stegawski requested only that he return the call to Chambers.  In

4

response, a voicemail was left on the Court's voicemail box on July 31 at 8:13 a.m. in which the caller identified himself as Stegawski and stated that he was "interest[ed] in offering any type of assistance that [he] can," that he was "aware of the case," that he was "actively monitoring the court docket," and that he was aware of the letter seeking substituted service. See id. at 1-2.

On July 31, 2017, the Court issued an Order scheduling a telephone conference for August 8, 2017. See Order, filed July 31, 2017 (Docket # 53), at 1. The Court mailed a copy of this Order to the 1111 Brickell Avenue address, see id. at 2, and it was not returned as undeliverable. Counsel for Pence arranged for the telephone conference, in which Stegawski participated. The Court asked Stegawski if he would simply agree to substituted service of the subpoena but he refused to do so. See Minute Entry for Proceedings Held Before Magistrate Judge Gabriel W. Gorenstein: Telephone Conference Held on Aug. 8, 2017, entered Aug. 8, 2017 ("Tel. Conf."). The Court granted Pence leave to file a motion seeking substituted service. See id.

Pence now requests an Order permitting substituted service of the subpoena on Stegawski by email sent to the above-mentioned address, and by certified mail sent to the office address at 1111 Brickell Avenue, Suite 1100, Miami, FL 33131. See Def. Mem. at 5-6. The Court notes that Stegawski's current Florida Bar registration still lists the address on Brickell Avenue as his address. See Member Profile: Michael Andrew Stegawski, The Florida Bar, https://www.floridabar.org/mybarprofile/51589 (last visited Sept. 21, 2017).[4] It contains, however, a different email address: flabar@convergentcapitalgroup.com. See id. It also contains a new telephone number: (305) 424-9995. See id.

---

[4] See footnote 3.

In Stegawski's Georgia Bar registration, he provides the same phone number as appears on the current Florida registration and an email address at the same domain name: gabar@convergentcapitalgroup.com. Both the Florida and Georgia Bar registrations list the same fax number for Stegawski: (800) 531-3243. [5]

II. DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45. The word "delivering" is not defined in the Rules. Nonetheless, in the past, many courts have interpreted this language as requiring personal service. See Agran v. City of New York, 1997 WL 107452, at *1 (S.D.N.Y. Mar. 11, 1997) ("the weight of authority is that a subpoena duces tecum must be served personally"); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (noting in dictum that "the majority of cases seem to agree that service under Rule 45 of the Federal Rules of Civil Procedure must be done in person"); see also Conanicut Inv. Co. v. Coopers & Lybrand (In Re Deposition Subpoena Directed to Smith), 126 F.R.D. 461, 462 (E.D.N.Y. 1989) ("the Court has no discretion to permit alternative service [under Rule 45] when a party has difficulty effecting service"); 9A Charles Alan Wright et al., Fed. Prac. and Proc. § 2454 (3d ed. 2017) ("[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required").

Nonetheless, "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." Kenyon v. Simon & Schuster, Inc., 2016 WL

---

[5] See Member Directory: Mr. Michael Andrew Stegawski, State Bar of Georgia, https://www.gabar.org/MemberSearchDetail.cfm?ID=MzEwMTA4 (last visited Sept. 21, 2017). See Member Profile: Michael Andrew Stegawski, The Florida Bar, https://www.floridabar.org/mybarprofile/51589 (last visited Sept. 21, 2017).

5930265, at *3 (S.D.N.Y. Oct. 11, 2016) (internal quotation marks and alterations omitted) (quoting Tube City IMS, LLC v. Anza Capital Partners, LLC, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014)). And more recent cases in this Circuit have pointed out that "the language of Rule 45 does not explicitly demand personal service of a subpoena." JPMorgan Chase Bank, N.A. v. IDW Group, LLC, 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (internal quotation marks omitted) (quoting Cordius Tr. v. Kummerfield, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000)). As these cases have noted, Rule 45's language "neither requires in-hand service nor prohibits alternative means of service." Id.

Thus, "recognizing that nothing in Rule 45's language itself calls for personal service," district courts in recent years "have authorized alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." Kenyon, 2016 WL 5930265, at *3; see also Tube City IMS, LLC, 2014 WL 6361746, at *2 (collecting cases). These courts have granted requests for alternative methods of service of subpoenas — for example, by certified mail — where such service "reasonably insures actual receipt of the subpoena by the witness" and "comports with due process" insofar as it is "reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." JPMorgan Chase Bank, N.A., 2009 WL 1313259, at *3 (quoting Cordius Tr., 2000 WL 10268, at *2); see also Tube City IMS, LLC, 2014 WL 6361746, at *3 (granting party's request to serve Rule 45 subpoena by certified mail). Courts typically require a party seeking leave to serve by alternative means "to demonstrate a prior diligent attempt[s] to personally serve" before permitting substituted service under Rule 45. Kenyon, 2016 WL 5930265, at *3. Some courts, however, have not even required a party to move for an order permitting alternative service in advance of such service. See Ultradent Prods., Inc. v. Hayman, 2002 WL 31119425, at *4

7

(S.D.N.Y. Sept. 24, 2002) (service by certified mail was sufficient even when party did not move for an order authorizing substitute service in advance of service).

In finding that alternative service is available, courts have noted that interpreting Rule 45 this way comports with the interpretive principle in Fed. R. Civ. P. 1 to "construe[], administer[], and employ[]" the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." See Cordius Tr., 2000 WL 10268, at *2 ("In accordance with . . . Rule 1, Fed. R. Civ. P., and given the textual ambiguity of Rule 45 combined with the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service, plaintiff is permitted to serve [the witness] by certified mail.").

We are persuaded by the more recent line of cases. By its text, Rule 45 requires only "delivering" the subpoena to the named person, Fed. R. Civ. P. 45(b)(1), and does not dictate the manner in which the delivery must occur. Notably, Rule 45(b)(4) requires that the proof of service of a subpoena, which must be filed with the issuing court, specify the "manner of service" of the subpoena. As noted in Cordius Trust, reading Rule 45 to permit only personal service would render this portion of the Rule superfluous. 2000 WL 10268, at *2. Moreover, we agree that permitting service by alternative means in appropriate cases better hews to the interpretive principle in Fed. R. Civ. P. 1 that the Federal Rules of Civil Procedure should be construed to provide for the "just, speedy, and inexpensive" resolution of federal judicial actions. See id. at *2. Thus, the Court finds that Rule 45 permits service of subpoenas by means other than personal service under appropriate circumstances.

Such circumstances are obviously present in this case. The SEC has already attempted personal service on Stegawski 14 times at five locations. See Proofs of Service at *2-5. Courts

8

have ordered substituted service of subpoenas after far fewer attempts at personal service have failed. See Tube City IMS LLC, 2014 WL 6361746, at *1-2 (ordering substituted service after six failed attempts at personal service); Ultradent Prods., Inc., 2002 WL 31119425, at *4 (permitting substituted service after two failed attempts at personal service). More to the point, Stegawski has registered his telephone numbers and email addresses with state bars of which he is a member and has in fact responded to email and telephone calls at other email addresses and telephone numbers that he has supplied. See Order, filed July 31, 2017 (Docket # 53), at 1. He also participated in a telephone conference with the Court and parties' counsel on August 8, 2017, which discussed the efforts to serve him and during which he refused to consent to any service other than personal service.[6] See Tel. Conf. Thus, he is obviously aware of the attempts to serve him. And he has stated that he is monitoring the docket in this case. The parties' diligent attempts to personally serve Stegawski, coupled with Stegawski's use of an email address and actual knowledge of the parties' attempts to serve him, easily justify an order permitting alternative or "substituted" service. See generally Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC, 2008 WL 3833238, at *3 (permitting service by delivering a copy of the subpoena to the witness's place of employment and mailing a copy by first class mail, and noting "[t]o allow a witness to avoid appearing for his deposition when he acknowledges that he has actual knowledge that he is being sought for a deposition . . . undermines the requirement in Federal Rule of Civil Procedure 1").

---

[6] The Court was surprised and disappointed that Stegawski refused to consent to alternative service or to suggest any manner in which he can be served. Indeed, it seems entirely inconsistent with his status as an officer of the Florida and Georgia courts and as an officer of the federal courts in Florida and Georgia where he is admitted. An attorney should understand that the "duty to avoid unnecessary expenses of serving" a summons as articulated in Fed. R. Civ. P. 4(d)(1) should inform an attorney's own conduct even where Rule 4 does not apply.

Some cases have suggested that alternative service under Rule 45 must be accomplished in accordance with Rule 4, which in turn, see Fed. R. Civ. P. 4(e)(1), permits service on an individual to be made in accordance with the state law where the district court sits or where service is made. See Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., 2006 WL 1311967, at *2 (S.D.N.Y. May 12, 2006). New York procedural law, in turn, provides that service on an individual at a place of business is effective if sent by first class mail and also left with someone of "suitable age and discretion at the [witness's] actual place of business." N.Y. C.P.L.R. 308(2). While we might well order service by that means, and leave it at that, we are also mindful that alternative service of a subpoena should be "calculated to provide timely actual notice." Tube City IMS, LLC, 2014 WL 6361746, at *2. Given that 1100 Brickell Avenue was visited by a process server and was characterized as a "virtual office," we believe there are better means to effectuate notice on Stegawski. See N.Y. C.P.L.R. 308(5) (permitting alternative service on individuals where other means of service is "impracticable").

Accordingly, the Court directs that the following method of service will be deemed proper service of a subpoena on Stegawski:

(1) mailing the subpoena, along with any required fees, see Fed. R. Civ. P. 45(b)(1), by certified mail to

Michael A. Stegawski
Convergent Advisory Services, P.A.
1111 Brickell Avenue, Suite 1100
Miami, FL 33131

(2) emailing a copy of the subpoena to the following email addresses: michael@cla-law.com, flabar@convergentcapitalgroup.com, gabar@convergentcapitalgroup.com

(3) faxing a copy of the subpoena to (800) 531-3243 (assuming the number actually accepts faxes)

(4) attempting to contact Stegawski by telephone at the telephone number with which he communicated to Pence's attorney and at the following number: (305) 424-9995. If Stegawski does not answer, a message or voicemail shall be left (if there is a working voicemail system) informing Stegawski that he has been served with a subpoena by mail and email (and fax, if applicable), and that if he requires a copy of the subpoena, he may contact the caller at a number (with a voicemail system) the caller should provide.

The Court believes that there is virtually no possibility that Stegawski will fail to be aware of a subpoena served by these means. Thus, service in this fashion is "reasonably calculated under the circumstances to provide [Stegawski] with both notice and an opportunity to present objections." JPMorgan Chase Bank, N.A., 2009 WL 1313259, at *3 (quoting Cordius Tr., 2000 WL 10268, at *2) (internal quotation marks omitted) (permitting service of subpoena by certified mail and email).

IV. CONCLUSION

For the foregoing reasons, Pence's motion for authorization for alternative service of process for a subpoena ad testificandum (Docket # 61) is granted as described herein. Proof of service shall be filed in accordance with Fed. R. Civ. P. 45(b)(4).

Counsel for Pence is directed to email this Order to Stegawski at the email addresses listed in this Opinion and Order.

SO ORDERED.

DATED:     New York, New York
           September 28, 2017

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy mailed to:

Michael A. Stegawski
Convergent Advisory Services, P.A.
1111 Brickell Avenue, Suite 1100
Miami, FL 33131